M. W. ROBINSON v. J. A. HOWARD and another.

*School Committee—Public Officers—Mandamus—Jurisdiction.*

A school committee agreed in writing to pay a teacher of a free school the sum of thirty dollars per month, and the teacher brought an action in a justice's court against the committee to recover the same; *Held,* (1) School committeemen are public officers and not personally liable on contracts made in the line of their duty; nor will this action lie against them in their corporate capacity.

(2) In such case a *mandamus* to compel the committee to give an order

on the county treasurer for the sum due for plaintiff's services, is the only remedy; and of this, a justice of the peace has no jurisdiction.

(*Taylor* v. *School Com.*, 5 Jones, 98, cited and approved.)

CIVIL ACTION tried at Fall Term, 1880, of LINCOLN Superior Court, before *Seymour, J.*

The plaintiff sued in a justice's court upon a contract of which the following is a copy: "We the undersigned committee of Edward's district authorize M. W. Robinson to teach the free public school in this district, to commence on Monday, July 15th, 1878, and continue until funds are exhausted. Wages $30 per month." (Dated July 2d, 1878, and signed by J. A. Howard and J. H. H. McConnell, school committee). The plaintiff alleged that he had performed the services and the committee had refused to pay him the wages agreed on.

From the justice's court the case was carried by appeal to the superior court, where judgment of nonsuit was entered, and the plaintiff appealed.

*Messrs. Hoke & Hoke,* for plaintiff.
*Mr. B. C. Cobb,* for defendants.

RUFFIN, J.   If the plaintiff seeks to recover of the parties whom he styles, "school committee," in their individual capacity, then his action will not lie; for being public officers and contracting with the plaintiff as such, they are not personally responsible; it being the law, that public officers are not liable on any contract they may make within the line of their duty. If he seeks to recover of the "school committee" in its corporate capacity, then he has mistaken his remedy.

The school committee is not allowed by law to have any of the school fund under its control. It could not, if it would, pay the plaintiff out of the proper fund. Its duty

consists in giving the teacher an order on the county treasurer for the sum due for his services. And should the plaintiff get a judgment against the "committee," he would be no nearer his money than now. His appropriate and only remedy is by means of *mandamus*, (*Taylor* v. *School Committee*, 5 Jones, 98) of which a justice of the peace has no jurisdiction.

No error.                             Affirmed.