# INDIANA *ex rel.* STANTON *v.* GLOVER.

### ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF INDIANA.

No. 57. Argued and submitted November 6, 1894. — Decided January 7, 1895.

A Circuit Court has jurisdiction of a suit brought in the name of the State in which the circuit is situated, on the relation of a citizen of another State, to enforce the obligations of a bond given by citizens of the State in which the suit is brought for the faithful performance of his duties by a municipal officer of that State.

A certificate, made and payable in a State out of a particular fund, and purporting to be the obligation of a municipal corporation existing under public laws and endowed with restricted powers, granted only for special and local purposes of a non-commercial character, is not governed by the law merchant, and is open in the hands of subsequent holders to the same defences as existed against the original payee.

The sureties on the bond of the trustee of a municipal township in Indiana are not subjected by the Revised Statutes of that State, §§ 6006, 6007, to liability for the payment of warrants or certificates which, apart from those sections, it was not within the authority of the trustee to execute, or which were fraudulent in themselves.

A township trustee in Indiana cannot contract a debt for school supplies unless supplies suitable and reasonably necessary for the township have been actually delivered to and accepted by it.

THIS was an action brought in the name of the State of Indiana on the relation of Walter Stanton, trustee, a citizen of New York, against Arista Glover and four other defendants, citizens of Indiana, on the official bond of said Glover as trustee of Mill Creek township, in the county of Fountain, State of Indiana, the other defendants being sureties on said bond. The complaint was demurred to on the grounds that it did not state facts sufficient to constitute a cause of action and that the court had no jurisdiction of the subject-

matter. The demurrer was sustained, and judgment rendered in favor of defendants, and plaintiff sued out a writ of error.

The complaint averred that Glover was elected trustee of the township, April 7, 1884; qualified April 19, and entered upon the discharge of his duties as such, and so continued until some time in the month of August or September, 1885, when he abandoned his office and fled the country; that on April 19, 1884, he executed his bond as such trustee with his codefendants as sureties thereon, a copy of which bond is made part of the complaint, and the first condition expressed therein is that " the said Arista Glover shall well and faithfully discharge the duties of said office according to law." The complaint stated facts showing that, under the provisions of law in that behalf, the township trustee had no right to incur any further debt on behalf of his township without first procuring an order from the board of county commissioners allowing him to contract therefor; and averred that in violation of the duties of his office and of the terms of his bond, said Glover executed and delivered to R. B. Pollard certain promissory notes, seven in number, aggregating $5375.76, all of the same form, filed as exhibits and made part of the complaint, and one of which is as follows :

" $772.50. State of Indiana, County of Fountain,
" Trustee's Office.

" MILL CREEK SCHOOL TOWNSHIP, *May 19th*, 1885.

" This is to certify that there is now due from this township to R. B. Pollard or order seven hundred & seventy-two & $\frac{50}{100}$ dollars for school supplies bought for and received by this township and payable out of the special school funds, for which taxes are now levied, at the Citizens' Bank, at Attica, Indiana, on the 20th day of January, 1887, with interest at 8 per cent per annum on the amount from date till paid, and attorneys' fees.   ARISTA GLOVER,
" *School Trustee of Mill Creek Township*."

It was further alleged that Glover, " as such trustee, did not at or prior to the execution of said promissory notes or either

or any of them, nor at any other time, obtain any order from the board of commissioners of said Fountain County authorizing him to contract any indebtedness for or in the name of said Mill Creek school township, but the execution and delivery of said notes and each and every of them was executed and issued in express violation of the provisions of sections one and two of the act of the general assembly of the State of Indiana, entitled 'An act to limit the powers of township trustees in incurring debts and requiring them to designate certain days for transacting township business,' approved March 11, 1875, the same being sections numbered 6006 and 6007 of the Revised Statutes of the State of Indiana." The complaint then averred the transfer by Pollard of the notes in blank for value received to certain banks and a trust company, citizens of Rhode Island, and their transfer and delivery to the plaintiff; that subsequent to the endorsements and prior to the institution of the suit, Pollard abandoned his residence and citizenship in the United States and fled beyond the seas; and that plaintiff was unable to state whether Pollard had acquired a citizenship in a foreign country, or of what country; but plaintiff averred that he is not now and was not at the commencement of this action either a resident or citizen of the State of Indiana.

In the second paragraph or count of the complaint, plaintiff averred that Glover "did, in violation of the duties of his office and of the terms and conditions of his bond aforesaid, purchase and obtain from one R. B. Pollard a large amount of goods for the use of the schools of said Mill Creek township, and in payment therefor did execute and deliver to said R. B. Pollard" the notes (describing them); and that said Glover, "as such trustee, did not at or prior to the purchase of said goods or the execution and delivery of said promissory notes or either or any of them, nor at any other time, obtain any order from the board of commissioners of said Fountain County authorizing him to contract any indebtedness for or in the name of said Mill Creek school township, but the purchasing of said goods and the execution and delivery of said notes and each and every of them was made in express violation of the pro-

Counsel for Plaintiff in Error.

visions" of sections 6006 and 6007. Both paragraphs of the complaint were otherwise the same, and the breach alleged was the execution of the notes or certificates in question.

Section 6006 of the Revised Statutes of 1881 is : " Whenever it becomes necessary for the trustee of any township in this State to incur on behalf of his township, any debt or debts whose aggregate amount shall be in excess of the fund on hand to which such debt or debts are chargeable, and of the fund to be derived from the tax assessed against his township for the year in which such debt is to be incurred, such trustee shall first procure an order from the board of county commissioners of the county in which such township is situated, authorizing him to contract such indebtedness."

Section 6007 provided for the manner in which such order of the board of county commissioners should be obtained by the trustee.

On March 5, 1883, an act of the legislature of Indiana was approved, entitled " An act touching the duties of township trustees with reference to liquidating and contracting indebtedness of townships in certain cases." The second section of this act reads as follows : " And it is further provided that any township trustee, in any county of the State of Indiana, who shall contract any debt in the name or in behalf of any civil or school township of which he may be the trustee, contrary to the provisions of sections one and two of ' An act to limit the powers of township trustees in incurring debts, and requiring him to designate certain days for transacting township business,' approved March 11, 1875, (the same being numbered six thousand and six and six thousand and seven of the Revised Statutes of the State of Indiana,) shall be personally liable, and liable on his official bond, to the holder of any contract or other evidence of such indebtedness, for the amount thereof." Stats. Ind. 1883, c. 95, p. 114. This act was repealed March 9, 1889, Stats. Ind. 1889, c. 138, p. 278, but was in force at the date of the bond sued on and at the date of the alleged breach thereof.

*Mr. J. M. Wilson, Mr. Solomon Claypool,* and *Mr. William Ketcham* for plaintiff in error, submitted on their brief.

*Mr. Charles B. Stuart, Mr. Daniel W. Simms* and *Mr. Lucas Nebeker* for defendant in error Rinn, submitted on their brief.

*Mr. L. T. Michener* (with whom was *Mr. W. W. Dudley* on the brief,) for defendants in error.

Mr. Chief Justice Fuller delivered the opinion of the court.

The case must be treated, so far as the jurisdiction of the Circuit Court is concerned, as though Stanton was alone named as plaintiff. *Maryland* v. *Baldwin,* 112 U. S. 490. If the suit could be regarded as founded on the certificates attached to the complaint, there would be a want of jurisdiction, as it does not appear that Pollard could have prosecuted the suit in the Circuit Court, Rev. Stat. § 629; Act of March 3, 1875, c. 137, 18 Stat. 470; Act of March 3, 1887, c. 373, 24 Stat. 552, 553; but as the suit is upon the bond, and Stanton and his *cestuis que trust* were citizens of other States than Indiana, we think the jurisdiction may be maintained.

But although the suit is upon the bond, the liability asserted under section two of the act of 1883 is to the holder of the certificates "for the amount thereof," and the breach alleged is the execution of the certificates.

Such a liability might be transferable to successive holders of the warrant or certificate, but it would seem quite clear that if the liability did not exist in favor of the payee, subsequent holders would stand in no better position. Certificates, like those exhibited in the case at bar, made and payable in Indiana, out of a particular fund, and purporting to be the obligations of a corporation existing under public laws and endowed only with restricted powers granted for special and purely local purposes of a non-commercial character, are not governed by the law merchant, and are open in the hands of subsequent holders to the same defences as existed against the original payee. *Stanton* v. *Shipley,* 27 Fed. Rep. 498; *State*

*ex rel. Cohen* v. *Hawes*, 112 Indiana, 323 ; *Merrill* v. *Monticello*, 138 U. S. 673.

The contention is that where an order of the county commissioners is requisite, under sections 6006 and 6007 of the Revised Statutes of Indiana, to empower a township trustee to contract indebtedness, and has not been obtained, the mere fact of the issue of a warrant or certificate by the trustee, in form the warrant or certificate of the township, authorizes the recovery of the amount thereof of the trustee and his sureties by suit on the official bond. We cannot concur in that view.

The section in question provides that when the trustee contracts a debt in the name or in behalf of the township, without the proper order of the county commissioners, if required, liability on the official bond is incurred to the holder of the contract or other evidence of such indebtedness. The indebtedness thus referred to is manifestly an indebtedness contracted within the line of official duty and authority for something furnished to or obtained for the township, although in disregard of the provisions of sections 6006 and 6007. The sureties were not subjected to liability by the statute for the payment of warrants or certificates which, apart from those sections, it was not within the authority of the trustee to execute, or which were fraudulent in themselves, but only when persons had in good faith parted with money or property to the township on the strength of the official character of the transaction. Such we understand to be the construction put upon the act by the highest judicial tribunal of Indiana. That court in *Jeffersonville School Township* v. *Litton*, 116 Indiana, 467, 475, pointed out that by the first section of the act provision was made for the protection of creditors without actual knowledge of the facts where a township trustee had theretofore undertaken to incur debts without an order of the county commissioners, when such an order was requisite; and that by the second section it was attempted to check further extravagance, and at the same time to save innocent creditors. But a writing purporting to be evidence of such indebtedness could not create it. And, in respect of school supplies, the Supreme Court of Indiana has de-

cided "again and again, that a township trustee has no power, by any form of obligation, to bind the corporation of which he is the agent or trustee by contract for school supplies, unless supplies suitable and reasonably necessary have been actually delivered to and received by the township." *Boyd* v. *Mill Creek School Township*, 114 Indiana, 210.

In *State* v. *Hawes*, 112 Indiana, 323, the action was brought on the official bond of a trustee to recover for a certificate made to Pollard, purporting to be for school supplies bought and received by the township, it being averred that the same was executed in violation of sections 6006 and 6007. The certificate was in fact issued without any actual consideration, and the Supreme Court said: "The liability imposed by the act of 1883 requires, as a condition precedent, that the township trustee must have contracted a debt, in the name or in behalf of his township, either civil or school, and the debt must have been contracted in violation of the provisions of sections 6006 and 6007. If, therefore, the transaction in which the certificate had its inception was such as to create no debt, or if the debt created was not within the prohibition of the above-mentioned sections, manifestly the statutory liability has not been incurred by any one. . . . The mere delivery of a piece of paper which imports an obligation to pay money, but which is in fact no evidence of an actual existing debt, does not constitute the contracting of a debt. It cannot be supposed that it was the purpose of the statute to enable a holder of a contract, or other evidence of indebtedness, issued by a township trustee in the name or in behalf of his township, to hold the trustee personally liable, and liable on his official bond, whether an indebtedness had been in fact contracted or not. A recovery in any case is limited by the statute to the amount of the indebtedness, and not by the amount stipulated in the contract. Hence, given a case in which there is no indebtedness, that is, no one who occupies the situation of a creditor, and there can be no recovery under the statute. *Stanton* v. *Shipley*, 27 Fed. Rep. 498. A township trustee cannot contract a debt for school supplies unless supplies suitable and reasonably necessary for the township have been

actually delivered to, and accepted by, the township. *Bloomington School Township* v. *National School Furnishing Co.*, 107 Indiana, 43; *Reeve School Township* v. *Dodson*, 98 Indiana, 497; *Wallis* v. *Johnson School Township*, 75 Indiana, 368.

"Where, therefore, as is the case here, paper purporting to be the obligation of a township has been issued without any consideration whatever, nothing having been given or received therefor, the holder of such paper, whether he be the payee named therein or an assignee, has no right of action under the act of 1883, because the trustee has not, in any legal or equitable sense, contracted a debt. Such paper creates no obligation against any one; it is void. *Axt* v. *Jackson School Township*, 90 Indiana, 101. Since township trustees can issue obligations, binding on the township, only in case a debt has been contracted, and since, in any event, paper issued as evidence of an actual indebtedness already incurred by a municipal corporation, which possesses only limited powers, conferred for special and local purposes of a purely non-commercial character, is not negotiable according to the law merchant, a subsequent holder of paper issued by a township trustee, can occupy no better ground than that occupied by the person to whom it was issued. . . . The certificate having been issued in the name and in behalf of the township without power or authority, and not as evidence of any debt contracted by the trustee, it was absolutely void in the hands of the original payee, both as respects the trustee personally and the township, and, being for that reason void in his hands, it was equally invalid in the hands of any subsequent holder."

In *State ex rel. Cunningham* v. *Helms*, 35 N. E. Rep. (Indiana,) 893, the action was against Helms and others, sureties on his bond, as trustee of Sugar Creek township, to enforce the liability on such bond, and the complaint averred that Helms, being the trustee of the township, was engaged in erecting a school house suitable for the educational purposes of the township and necessary therefor, and that to complete the build ing it became necessary for him to borrow money and incur an indebtedness on the part of his township; that in order to obtain money in that behalf, he, as such trustee, and in the

name and in the behalf of the township executed a promissory note to the relator, exhibited with the complaint; that thereupon the trustee received the sum represented by the note in money for the purposes aforesaid, and that the loan was made and the fund was received by the trustee for those purposes, but that the trustee, without the knowledge of the plaintiff, appropriated the fund to his own use; that the facts existed bringing the case within sections 6006 and 6007, but the trustee did not at any time procure an order from the board of commissioners of said county, in which the township was situated, authorizing him to contract such indebtedness; and that plaintiff loaned the money to the township in good faith and without any knowledge of the fact that there were no funds in hand or a sufficient amount of funds arising from the current levy to pay the debt so made. The Supreme Court of Indiana held that the note, which was signed " trustee of Sugar Creek Township, Indiana," was, under the circumstances, the note of the township and not of the trustee individually; that a municipal or *quasi* corporation can make in a proper case a promissory note, and thereby bind itself for any debt contracted ·in the course of its legitimate business, for any expenses incurred in any matter or thing which it is authorized to do, or any matter which is not foreign to the purposes of its creation; that where money is loaned to a township trustee for building a suitable school house, the trustee not then having the funds on hand to complete the same, and the money is applied to such purpose, the school township represented by such trustee and receiving the benefit of such money is liable therefor; that under the averments in the complaint the trustee did contract a debt in the name of and in behalf of his township; that as the complaint charged the violation of sections 6006 and 6007 by the trustee, but that he had secured the money in the name of the township by virtue of and under color of his office, he and his bondsmen were liable under the act of March 5, 1883, for the amount of money so received and converted. *Township* v. *Litton*, and *State* v. *Hawes, supra*, were cited.

It will be perceived that the consideration of the notes was

fully set forth in the pleading; that it appeared therefrom that the indebtedness was contracted in the line of official duty and authority; and that the money was loaned in good faith.

Tested by these principles, the defect in the complaint before us lies in the failure to show that any debt was contracted within the meaning of the act of 1883.

The first paragraph contains no averment as to what the certificates were given for. The certificates stated that the sums specified therein were due for " school supplies " or " for maps, charts, and supplies," " bought for and received by this township ; " but the action was upon the official bond and not upon the certificates, and the latter could neither add to nor take from the pleading, and " to withstand a demurrer the pleading must be good within itself without reference to the writing." *State ex rel. Cunningham* v. *Helms, supra.* If, however, resort were had to the recitals in the certificates to aid the complaint, the paragraph would still be lacking, for it would not appear therefrom that the supplies were suitable and necessary for the township.

The second paragraph alleged that the consideration of the certificates was " a large amount of goods for the use of the schools of said Mill Creek township," but it was not averred that the goods were suitable and necessary, or were delivered to and received by the township.

There was no averment as to value, and it appeared in neither count that school supplies suitable and necessary for the township formed the consideration of the certificates. No basis was laid for the claim that they were taken by the payee in good faith as issued either in virtue, or under color, of office. *Grimsley* v. *State*, 116 Indiana, 130 ; *Bloomington Township* v. *National School Furniture Company*, 107 Indiana, 43 ; *Litton* v. *Wright School Township*, 127 Indiana, 81 ; *Honey Creek School Township* v. *Barnes*, 119 Indiana, 213.

We do not regard the averments as sufficient under the act of March 5, 1883, as interpreted by the Supreme Court of the State.

*Judgment affirmed.*