R. L. WRIGHT v. W. N. KINNEY, County Treasurer of Davidson County ; Ed. L. Green et al.

(Decided December 23, 1898 )

*County Treasurer—County Warrants—Misjoinder of Parties—Jurisdiction.*

1. The holder of a valid county warrant, who is refused payment, has two remedies against the county treasurer—either to sue him on his bond; or to apply for a *mandamus*—of neither of which has a justice of the peace jurisdiction.

2. Such warrants, or orders, are not negotiable in the sense of the Law Merchant; while transferable, so as to authorize the holder to de-

WRIGHT *v.* KINNEY.

mand payment, with or without action in his own name, yet he takes them subject to all legal and equitable defences which existed as to them in the hands of the payee. They are mere *prima facie*, and not conclusive evidence of the validity of allowed claims against the county.

3. The unauthorized endorsement of "approved" signed by the Chairman of the County Commissioners of a county order invalid upon. its face, will not render him personally liable, in the absence of fraud and misrepresentation.

4. Exceptions, on the ground of misjoinder of causes of action or misjoinder of parties, must be taken in the court below, or they cannot be considered here. Rule 27 of this Court.

5. The County Board of Education has nothing to do with orders on the Treasurer issued by the Districts. Acts 1897, Chap. 109.

CIVIL ACTION begun in the Justices Court and tried on appeal before *Allen, J.,* at Fall Term, 1898, of the Superior Court of DAVIDSON County.

The plaintiff was the holder of an order for $22.50 issued by Amos Smith and Joe Miller, who signed as Committee of District No. 32, colored, Davidson County, dated May 28, 1897, in favor of W. W. Tutwiler, for purchase of school charts. Tutwiler sold the order to plaintiff and endorsed it. Before the order was transferred to plaintiff, Ed. L. Green, Chairman of Board of County Commissioners placed his signature thereon under these words : "Approved and countersigned."

The Board of County Commissioners never approved the order, and never authorized Green to sign the same.

On January 3, 1898, Board of Education made an order instructing Treasurer to pay this order and a number of orders like it.

The order was presented to the County Treasurer for payment, but he refused to pay it—and this action was brought against Kinney, the County Treasurer, and Green, the Chairman of the County Commissioners, and taken by appeal to the Superior Court.

His Honor upon motion of defendants' counsel dismissed the case as upon judgment of non-suit, under Chapter 109, Acts 1897, and plaintiff appealed.

*Messrs. Walser & Walser* and *R. L. Wright,* for plaintiff (appellant).

*Mr. E. E. Raper,* for defendants.

CLARK, J.: This action was begun by a justice of the peace against Kinney, as treasurer of Davidson County, and Ed. L. Greene, upon an order for $22.50, dated May 28, 1897, and signed by Amos Smith and Joe Miller, as committee of District No. 23 (colored) of that county reciting therein that it was for the purchase of school charts. It was payable to W. W. Tutwiler, or bearer, who sold it to plaintiff and endorsed it. Before the order was endorsed to plaintiff the following was written thereon, "Approved and countersigned. Ed. L. Greene, Chairman of Board of County Commissioners," but the Board of County Commissioners never approved the order, nor did it authorize Greene to do so.

On January 3, 1898, the Board of Education ordered the County Treasurer to pay out of the funds apportioned to the several districts the orders held by the Lexington and Salisbury banks, of which number this check was one, with a proviso that no district pay for more than one chart. This order was presented to defendant Kinney, as treasurer, and he refused to pay it or recognize it in any way as valid.

No exception on the ground of misjoinder of causes of action or misjoinder of parties was made below, and of course cannot be considered here. Rule 27 of this Court. As to the defendant Kinney, treasurer, the plaintiff had two remedies, either to sue him on his

bond or to apply for a *mandamus*, and of neither of these actions did the Justice of the Peace have jurisdiction. *Robinson* v. *Howard*, 84 N. C., 151 ; *Taylor* v. *School Committee*, 50 N. C., 98.

Orders or warrants issued by a municipal corporation are not negotiable and carry with them none of the privileges of negotiable paper except to pass by delivery upon endorsement. Daniel Neg. Inst., Sec. 427 ; 1 Dillon Mun. Corp., Sec. 487. In *Wall* v. *Monroe*, 103 U. S., 74, Field, J., says: "The warrants, being in form negotiable, are transferable by delivery so far as to authorize the holder to demand payment of them and to maintain in his own name an action upon them. But they are not negotiable instruments in the sense of the Law Merchant, so that where held by a *bona fide* purchaser, evidence of their invalidity or defences available against the original payee would be excluded. The transferee takes them subject to all legal and equitable defences which existed as to them in the hands of such payee. There has been a great number of decisions in the courts of the several States upon instruments of this kind, and there is little diversity of opinion respecting their character. All the courts agree that the instruments are mere *prima facie* and not conclusive evidence of the validity of the allowed claims against the county by which they were issued. The county is not estopped from questioning the legality of the claims." This has been followed in *Ouashita* v. *Wolcott*, 103 U. S., 559, and *Merritt* v. *Monticello*, 138 U. S., 673, and cases therein cited. So that if this action had been brought in the proper form and against the proper parties, it would be open to set up any defence, as fraud, misrepresentation and the like, which would have been good against the original holder, and if the claim was improperly al-

lowed, the order may be cancelled. *Abernathy* v. *Phi-fer*, 84 N. C., 711. *Indiana* v. *Glover*, 155 U. S., 513, is a very recent decision (1894) of the Supreme Court of the United States affirming the invalidity of a township warrant for school supplies, even in the hands of subsequent holders, when the "supplies are not suitable and reasonably necessary."

The plaintiff further seeks to hold Ed. L. Greene liable individually because he alleges he bought the paper relying on its validity as being guaranteed by Greene's endorsement, as chairman, of the claim, "approved," which endorsement, it has since appeared he had no authority to make, not having been authorized by the Board of Commissioners. There are circumstances under which an officer would make himself personally liable to one misled by his unauthorized action (Throop on Pub. Officers, Sec. 774; Mecham on Officers, Secs. 811, 812, 816) but whatever force there would have been in this proposition if the order had been valid by the authorized attachment of the approval of Greene as chairman, we need not consider, because by Section 15, Ch. 108, Laws 1897, ratified March 6, 1897; (and therefore in force at the date of this order, given May 28, 1897) all such orders are required to be "signed first by at least three members of the committee and then by the County Supervisor who shall place his seal upon it," and without this, no order "shall be a valid voucher in the hands of the County Treasurer." Therefore on its face the order was invalid and the approval of "Greene, Chairman," could not have made it good. In the absence of evidence of fraud and misrepresentation, Greene cannot therefore be held liable for his unauthorized signature, which could not have misled the plaintiff to his hurt. The order would have been invalid even if the

signature had been duly authorized by the County Commissioners, and the plaintiff is no worse off because it was unauthorized.

The action of the County Board of Education, January 3, 1898, was a nullity as that Board had nothing to do with orders on the Treasurer issued by the districts.    Acts 1897, Ch. 108, Sec. 15.

Upon the facts found by the court by consent of parties, the plaintiff could not recover and the court properly so held, but we see no ground for the non-suit ordered under Chapter 109, Laws 1897.    The judgment against the plaintiff is

Affirmed.