FIRST NATIONAL BANK OF GASTONIA v. HENRY D. WARLICK
*et al.*

(Decided December 22, 1899.)

*School Orders—Official Approval—Guarantors.*

1. School orders, by the former Board of Education (the County Commissioners) were not negotiable, and were open to defense, although taken without notice.
2. The approval by an individual Commissioner, officially, did not render him personally liable, when given in good faith.
3. The personal guaranty of a School Committeeman is discharged by unreasonable delay of more than sixty days in presenting a sight draft for payment.

CIVIL ACTION on a school order, commenced in Justice's Court, and tried on appeal by *McNeill, J.,* at Fall Term, 1899, of the Superior Court of LINCOLN County. Jury waived.

125——38

His Honor rendered judgment in favor of defendants. Plaintiff excepted and appealed.

The facts are stated in the opinion.

*Messrs. D. W. Robinson,* and *Jones & Tillett,* for appellant. *Mr. L. B. Wetmore,* for appellee.

CLARK, J.   This is an action by the plaintiff, assignee of an order drawn upon the treasurer of the Board of Education of Lincoln County, by two members of a School District Committee, for $22.50, for certain maps and school supplies.   The order was signed "approved," but not at any session of the Commissioners of the county, by the defendant Sain, who was chairman of the Board, and also (as the law then stood) of the County Board of Education, and the order was also indorsed "approved" in the same irregular mode by defendant T. J. Saunders, another member of the Board of County Commissioners.   At the first session of the Board thereafter, it appearing that the maps and supplies had not been furnished, the Board passed an order disallowing this claim. Two months or more thereafter the holder of the order sold it to the plaintiff bank at a discount, the bank, however, having no actual notice of any defect, or invalidity or defenses thereto.

The plaintiff, it is admitted, can not recover against the county, for such orders are not negotiable under the law merchant (*Wright v. Kimsey,* 123 N. C., 618; *Indiana v. Glover,* 155 U. S., 513); and the assignee, though taking without notice, can not recover: First. Because the supplies have not been delivered.   Second. The order was not approved in a regular meeting of the Board of Commissioners.   *Cotton Mills v. Commissioners,* 108 N. C., 678.

The plaintiff admits that it can not recover against the

county, but seeks to recover against the defendants, individually, by reason of their endorsement, by which the plaintiff says it was misled. No doubt public officers may make themselves liable to one misled by their unauthorized action (Throop Pub. Officers, sec. 774, Mechem Pub. Officers, secs. 811, 812, 816), but we need not discuss what circumstances would be sufficient, for the plaintiff took this order, which was a sight order on the County Treasurer, more than sixty days after its date, at a considerable discount, and made no inquiry, though such inquiry (which could have been readily made by telephone) would have revealed that the records of the County Commissioners showed that the order not only had not been approved in any session of the Board, but had been disallowed. There is no fraud or misrepresentation alleged or shown which would make the defendants Sain and Saunders (the chairman and member of the Board of County Commissioners) liable, but on the contrary it is admitted that they acted in good faith. The plaintiff must blame its own unaccountable negligence in taking a school order more than sixty days after its date, without inquiry, though it was a sight order. There was nothing in the endorsement which indicated any assumption of personal liability by Sain and Saunders, and indeed it is admitted that they did not intend to make themselves personally liable by their endorsements.

But as to the other two defendants, Warlick and Wood, Committeemen of the School District, they saw fit to write above their signatures "payment guaranteed by the undersigned members of the committee." Though the paper, for reasons above given, is not binding on the county or upon the two County Commissioners who signed it without any express or implied guarantee, it would be binding upon Warlick and Wood, who expressly guaranteed its payment, but for the fact that they are discharged by the unreasonable delay of more

than sixty days in presenting a sight draft for payment. *Bank v. Bradley,* 117 N. C., 526. Though the order was not negotiable paper in the sense that one who took without notice would hold discharged from liability to equities and defenses, none the less there should be prompt presentment for payment and notice to guarantors, if not paid.

Affirmed.