THE STATE OF NEW JERSEY, ex rel. BOARD OF HEALTH OF POMPTON LAKES,

*v.*

E. I. DuPONT DE NEMOURS POWDER COMPANY.

[Decided August 4th, 1911.]

The Health act (*2 Gen. Stat. 1895 p. 1640 § 28*) provides that any local board of health, instead of summarily abating a nuisance hazardous to the public health, may file a bill in chancery in the name of the state for an injunction to prohibit its continuance, and that such action shall proceed according to the practice in such cases on the relation of individuals, and emergency cases shall have precedence over other litigation, and may be heard on final hearing within such time as a chancellor directs.—*Held*, that the statute only contemplated the granting of an injunction on final hearing, and a preliminary injunction should not be granted, especially where defendant's affidavits made a substantial question as to the existence of a nuisance dangerous to the public health at the time of the hearing of the motion for a preliminary injunction.

---

On application for preliminary injunction. Heard on bill and affidavits, answer and affidavits, and affidavits in reply.

*Mr. Allan C. Rowe,* for the complainant.

*Mr. Frederick J. Faulks* and *Mr. J. P. Laffey* (of the Delaware bar), for the defendant. *Messrs. Lindabury, Depue & Faulks,* solicitors.

EMERY, V. C.

The bill in this case is filed by a local board of health under the Health acts, to enjoin the continuance of a nuisance hazardous to the public health, alleged to be created by the defendant's operation of its fulminate of mercury plant, spreading noxious fumes and vapors in the borough. On the bill and *ex parte* affidavits filed by complainant, answer and affidavits by defendant, and affidavits in reply, application is now made for a preliminary injunction.

The affidavits filed in support of defendant's answer show a fairly disputed question of fact as to the existence, at the time of the filing of the bill, of a nuisance hazardous to the public health, and the question of nuisance or no nuisance, should not be determined upon *ex parte* affidavits, and pending the hearing, even if the case in this respect was one to be governed by the usual practice of the court in reference to the granting of preliminary injunctions in cases of nuisance to individuals.

Preliminary injunctions are ordinarily granted for the necessary protection of property and rights to or connected with property, pending the final hearing, and for the purpose of preserving the *status quo,* in order that a decree on final hearing may be effective. *Kerr Inj.* *338, *340. In *Attorney-General* v. *United, &c., Telegraph Co. (1862), 31 L. J. Ch. 329,* which was an information and bill to enjoin a public nuisance, Romilly, M. R., said (at *p. 331*) that whatever the court might do on final hearing, it interfered by interlocutory injunction only to protect property. Where, on the application for preliminary injunction, the property right sought to be protected is not subject to dispute, and satisfactory proofs of specific instances of violation are made by the affidavits, a preliminary injunction restraining defendant from committing the alleged nuisance, pending the hearing, is sometimes granted, for the purpose of protecting complainant's enjoyment of his property pending suit, and this is granted even though the defendant's answer and affidavits question or deny the commission of the nuisance. But, unless the case of nuisance to individuals is one which comes within the rule of protection against what is considered irreparable injury, the restraint of the private nuisance by injunction, where

the fact of nuisance is fairly disputed, is generally withheld until final hearing, and sometimes until after settlement of the question at law. The present bill, however, is not based on the general equity jurisdiction of the court for the protection of any property or property rights, either of the state or of the relators, and the sole basis for the present application to the court is the statutory right given to the relators by the Health act. The local boards of health (*Gen. Stat. p. 1637 § 13*) are to examine into all nuisances, foul or noxious odors, gases or vapors, and all causes of disease which may be known to them or brought to their attention, which, in their opinion, are injurious to the health of the inhabitants within their respective jurisdictions, and to cause them to be removed and abated. By section 14 of the act, the local board, if it finds such nuisance to exist, may order the owner to remove or abate them, and on his failure to comply with the order, the board is directed "to proceed to abate such nuisance and remove the cause of such foul and noxious odors, gases or vapors, or other thing detrimental to the public health." This abatement by the board (section 27) may be in a summary way by written directions to its inspector who is to proceed according to the direction.

Such summary abatement by the board, however, leaves the board and its officers subject to an action, if it is shown that the nuisance did not exist and was not hazardous to public health, and that the board acted without reasonable and probable cause to believe that the nuisance did exist.

Section 28 provides that

"any such local board of health instead of proceeding in a summary way to abate a nuisance hazardous to the public health, may file a bill in the court of chancery, in the name of the state, on the relation of such board of health, for an injunction to prohibit the continuance of such nuisance, and such actions shall proceed in the court of chancery according to the rules and practice in such cases on the relation of individuals, and cases of emergency shall have precedence over other litigation pending at the time in the court of chancery and may be heard on final hearing within such time and on such notice as the chancellor shall direct."

This section of the act of 1887 is the tenth section of the act of March 22d, 1883. *P. L. 1883 p. 119,* &c. The board of

health has declared the fulminate of mercury plant as operated by the defendant to be a nuisance, but has not taken summary proceedings to abate it, and has directed the filing of the bill to abate it.

Before the passage of these acts, the jurisdiction of the court of chancery of New Jersey over nuisances of this character was exercised for the protection of the enjoyment of property. The usual remedy for a public nuisance was by indictment, where the fact of nuisance, when disputed, was established by a jury and there was a judgment before the abatement of the nuisance. The attorney-general, as representing the public, may have the right to file a bill or information to enjoin a public nuisance of the character alleged—*Hutchinson* v. *Board of Health (Court of Errors and Appeals, 1885), 39 N. J. Eq. (12 Stew.) 569, 573* (Mr. Justice Magie)—and such proceeding for injunction might better work out the public right in cases where, as in the present case, the nuisance alleged, if it exists, arises from the method of use of defendant's property, and control of the method of use, rather than the destruction or removal of the property used, is the object finally sought. We have, however, in New Jersey, so far as I have been able to find, no precedents for such bill or information by the attorney-general to enjoin nuisances of this character alleged to be public nuisances, and independent of special statutory jurisdiction, the general rule is settled that where the grievance is subject to indictment equity interferes with great reluctance, even though its intervention be sought by the attorney-general. *Township of Raritan* v. *Port Reading Railroad Co. (Chancellor McGill, 1891), 49 N. J. Eq. (4 Dick.) 11*, and cases cited (at *p. 16*). The Health acts expressly confer the jurisdiction for injunction and provide for expediting the final hearing where the emergency demands it. But under these acts, the nuisance must be a nuisance hazardous to the public health, and a nuisance such as would subject the defendant to indictment. *State, ex rel. Board of Hackensack,* v. *Chosen Freeholders of Bergen County (Vice-Chancellor Pitney, 1889), 46 N. J. Eq. (1 Dick.) 173, 177;* affirmed on appeal for reasons stated, *48 N. J. Eq. (3 Dick.) 294.*

The injunction contemplated by the twenty-eighth section was, in my judgment, the injunction to be granted on the final hearing, and it may fairly be questioned whether on a bill of this kind there is any right to grant a preliminary injunction, if the existence of the public nuisance is fairly disputed. In every case to which I have been referred, the jurisdiction for injunction under these acts was exercised only after final hearing. *Butterfoss* v. *State* (*Court of Errors and Appeals, 1885*), *40 N. J. Eq.* (*13 Stew.*) *325; State, ex rel. Board of Health,* v. *Niedt, 19 Atl. Rep. 318; State, ex rel. Board of Health,* v. *Lederer* (*Vice-Chancellor Bird, 1894*), *52 N. J. Eq.* (*7 Dick.*) *675; Hutchinson* v. *Board of Health* (*Vice-Chancellor Bird, 1885*), *39 N. J. Eq.* (*12 Stew.*) *218;* affirmed on appeal, *Ibid.* *569.*

In a somewhat similar proceeding under another statute providing for bills on the relation of a local board of health to prevent the pollution of streams by the use of structures discharging sewage, I concluded that there was no such right on preliminary injunction to remove the structure, and denied the application. *Board of Health* v. *Summit* (*1903*), *56 Atl. Rep.* *125.*

In the present case, the affidavits presented by the defendants show such a substantial question as to the existence of a nuisance dangerous to the public health, at the time of the filing of the bill, and at the time of hearing on the motion, that even if the right exists under the statute, it should not be exercised. The application will therefore be denied, the costs to abide the event of the suit.