Defendant moves to remove the cause to the United States district court on the ground that it is a suit of a civil nature in equity where the matter in controversy exceeds the value of $3,000 and is between citizens of different states. 28 U.S.C.A.
§ 71; Id. § 41(1), as amended. Defendant is a corporation of Delaware and a citizen of that state. The complainant named in the bill is the State of New Jersey on the relation of the board of health of the township of Hillside. The question is whether the complainant is a citizen of New Jersey. *Page 101 
"A state is not a citizen, and under the judiciary acts of the United States, it is well settled that a suit between a state and a citizen or a corporation of another state, is not between citizens of different states." Postal Telegraph Co. v.Alabama, 155 U.S. 482; 15 S.Ct. 192; Stone v. South Carolina,117 U.S. 430; 6 S.Ct. 799. "We must add that the mere presence on the record of the state as a party plaintiff will not defeat the jurisdiction of the federal court when it appears that the state has no real interest in the controversy." It is the duty of the court to determine whether the state is "an actual party plaintiff in the present suit and to determine that question by consideration of the nature of the case as presented by the whole record and not `by a reference to the nominal parties to the record.'" Ex parte Nebraska, 209 U.S. 436; 28 S.Ct. 581;Indiana v. Glover, 155 U.S. 513; 15 S.Ct. 186; Maryland v.Baldwin, 112 U.S. 490; 5 S.Ct. 278. If, instead of the state, one of its officers or departments is the party named, still the state may be the real litigant so as to deprive the federal court of jurisdiction based on diverse citizenship. Worcester CountyTrust Co. v. Riley, 302 U.S. 292; 58 S.Ct. 185; State HighwayCommission v. Utah Con. Co., 278 U.S. 194; 49 S.Ct. 104. A county or a municipal corporation, unlike a state, is a citizen within the meaning of the federal statute. Port of Seattle v.Oregon and W. Railroad Co., 255 U.S. 56; 41 S.Ct. 237; MercerCounty v. Cowles, 7 Wall. 118; 19 L.Ed. 86.
The state, of necessity, always acts through agents, generally through the attorney-general in civil matters and the several prosecutors of the pleas in criminal matters. The question presented is whether the state is the actual complainant, acting by means of the local board of health, or whether the board is itself the real complainant.
The State of New Jersey endeavors to protect public health through the instrumentality of a state department of health (R.S. 26:2-1), and local boards, which all our municipalities are ordered to maintain (R.S. 26:3-1). The director of the state department is required generally to enforce all laws relating to the health of the people of the state. R.S. *Page 102 26:2-15. Among other duties, the department is directed to call to the attention of local health authorities any failure on their part to enforce the laws and to order them to do so and if they fail to comply, then the state department itself must immediately take the action which the local authorities fail to perform.R.S. 26:2-20. Our public health organization is state-wide, with local boards charged in the first instance to safeguard public health in their several vicinages, and with a central body in which is vested final power and responsibility.
The local board is commanded to "examine into and prohibit any nuisance, offensive matter, foul or noxious odors, gases or vapors, water in which mosquito larva breed and all causes of disease which may be known to the board or brought to its attention, which in its opinion are injurious to the health of the inhabitants thereof." R.S. 26:3-46. The local board may notify the owner of the property to abate the nuisance and if he fails to do so, "the board shall proceed to abate the nuisance."R.S. 26:3-49 and 50.
"The local board instead of proceeding in a summary way to abate a nuisance hazardous to the public health, may file a bill in the court of chancery in the name of the state on relation of the board for an injunction to prohibit the continuance of such nuisance." R.S. 26:3-56. The quoted provision is the authority for the institution of the suit before me.
"It seems clear enough that it [the nuisance which is the subject of the statute] must be a public as distinguished from a mere private nuisance; that it must affect a considerable number of persons; and it would seem to follow with equal certainty that it must be such as would be indictable at common law." State, ex rel. Board of Health of Hackensack v. Board ofChosen Freeholders of Bergen County, 46 N.J. Eq. 173; 48 N.J. Eq. 294.
"The authority to abate a public nuisance resided solely in the courts of criminal jurisdiction at common law. All common nuisances are regularly punishable by fine and imprisonment; but as the removal of the nuisance is the chief end of the indictment, the court will adapt the judgment to the nature of the case. Where, therefore, the nuisance *Page 103 
is stated in the indictment to be continuing and does, in fact, exist at the time of the judgment, the defendant may be commanded by the judgment to remove it at his own cost." Hedden v. Hand,90 N.J. Eq. 583, 594. By exception to the rule that jurisdiction resides in courts of criminal jurisdiction only, a court of equity has concurrent jurisdiction to restrain a nuisance which is dangerous to the health of the whole community. State Boardof Milk Control v. Newark Milk Co., 118 N.J. Eq. 504, 512. In the absence of statute, chancery acts in such cases on information of the attorney-general. Hutchinson v. State, exrel. Board of Health of Trenton, 39 N.J. Eq. 569; Board of Healthof Pompton Lakes v. E.I. Dupont De Nemours Powder Co., 79 N.J. Eq. 31; Attorney-General v. Delaware and B.B. Railroad Co.,27 N.J. Eq. 1. But the duty of protecting the public interest, vested by common law in the attorney-general, may be diverted from him by the legislature and conferred on some other officer or public body. Board of Public Utility Commissioners v.Sheldon, 95 N.J. Eq. 408; Board of Public Utility Commissioners
v. Lehigh Valley Railroad Co., 106 N.J. Law 411. The statute under consideration bestows on the local board in lieu of the attorney-general, the duty of vindicating the public right.
Defendant does not contend that the bill fails to state a cause of action under the statute. It seems quite clear then that the bill is filed to enforce the criminal law of the state, not by fine or imprisonment, but by injunction to restrain a nuisance which jeopardizes the public health and which is an offense against the state. The board of health of the township of Hillside, or the township as a municipal corporation, suffers no special injury from the nuisance. The injured party is the state. The board is only the instrument which, by appointment of the statute, sets in motion the judicial procedure to enforce the right of the state.
I conclude that the state is the real party complainant and that the motion to remove the cause to the federal court should be denied. *Page 104