City of **KANSAS CITY, MISSOURI**, ex rel. **GEMCO, INC.**, a corporation, Plaintiff,

v.

**AMERICAN CONCRETE FORMS, INC.**, National Surety Company, Fireman's Fund Insurance Company,

and

**Del E. Webb Corporation, Defendants.**

Civ. A. No. 18656–3.

United States District Court, W. D. Missouri, W. D.

Sept. 16, 1970.

ed work from entrance loop road to aircraft positions, at Kansas City International Airport"; that "on the dates set forth in the bill of items hereunto attached the said Gemco, Inc., at the special instance and request of defendant American Concrete Forms, Inc., furnished, sold and delivered to American Concrete Forms, Inc., as a subcontractor of defendant Del E. Webb Corporation for the performance of said contract of July 23, 1968, certain goods, wares and merchandise, the items of which now remaining unpaid for, the prices charged therefor and the dates of each sale of same, are specifically set out in the attached bill of items and account, which said attached documents are incorporated herein and made a part hereof as fully as if set out verbatim hereat"; that "the Said Gemco, Inc. has made demand upon defendants American Concrete Forms Inc. and Del E. Webb Corporation for the payment of the balance due upon said account above described; but that defendant and each of them wholly fails and refuses to pay same or any part thereof." Plaintiff therefore prays judgment in the sum of $16,054.80, "together with interest at the rate of six percent (6%) per annum from the date of the filing of this complaint."

 Plaintiff expressly invokes federal jurisdiction under Section 1332, Title 28, United States Code, on the principle of diversity of citizenship in the following language of the complaint:

"That the amount in controversy herein is a sum, exclusive of interest and costs, in excess of $10,000.00, to wit: Sixteen Thousand Fifty Four and 80/100 ($16,054.80) Dollars; that there is diversity of citizenship between plaintiff and defendants herein and that the jurisdiction of this Court is invoked by reason of said diversity of citizenship and amount in controversy."

It is also alleged, however:

"That Gemco Inc. is a corporation organized and existing according to law with its home office and principal place of business in Houston, Texas,"

Jim Tom Reid, of Shockley, Reid & Koger, Kansas City, Mo., for plaintiff.

Donald W. Giffin, of Spencer, Fane, Britt & Browne, Kansas City, Mo., for defendants.

## ORDER AND JUDGMENT DISMISSING CAUSE FOR LACK OF DIVERSITY JURISDICTION

BECKER, Chief Judge.

This is an action in which the relator is alleged to have entered into a contract on July 23, 1968, with defendants "Del E. Webb Corporation as principal and National Surety Corporation and Fireman's Fund Insurance Company as sureties for the construction of terminal buildings A, B & C, and apron transition paving utilities and incidental and relat-

and that

"American Concrete Forms Inc. is a corporation organized and existing according to law with its home office and principal place of business in Athens, Texas."

It therefore appears from the face of the complaint that there is no diversity between relator Gemco, Inc., and defendant American Concrete Forms, Inc. It is well established that in order for the federal court to have federal jurisdiction under § 1332, Title 28, United States Code, complete diversity among all plaintiffs and all defendants must exist. Universal Underwriters Insurance Company v. Wagner (C.A. 8) 367 F.2d 866, 870. While a municipal corporation, for the purposes of diversity jurisdiction, is to be considered a citizen of the state which created it (see, e. g. Great American Insurance Company v. Louis Lesser Enterprises, Inc. (C.A. 8) 353 F.2d 997) and the citizenship of the City of Kansas City would be diverse from the citizenships of all the defendants (according to the complaint), it is the citizenship of the relator which is important in this regard. In a case wherein the action is filed by the municipality *ex relatione*, the party on whose relation it is brought is regarded as the plaintiff for the purpose of determining diversity jurisdiction. Indiana v. Glover, 155 U.S. 513, 15 S.Ct. 186, 39 L.Ed. 243; see also Maryland v. Baldwin, 112 U.S. 490, 5 S.Ct. 278, 28 L.Ed. 822; Hann v. City of Clinton, Oklahoma, ex rel. Schuetter (C.A. 10) 131 F.2d 978. The following allegations of the complaint have been made to justify the making of the City of Kansas City a party to this action:

"10. That on or about the 23 day of July 1968, plaintiff, City of Kansas City, Missouri, entered into an agreement in writing with defendant Del E. Webb Corporation as principal and National Surety Corporation and Fireman's Fund Insurance Company as sureties for the construction of terminal buildings A, B, & C, and apron transition paving utilities and incidental and related work from entrance loop road to aircraft positions, at Kansas City International Airport, Kansas City, Platte County, Missouri; that a true copy of said contract is hereunto attached and incorporated herein as fully as if set out verbatim hereat;"

and that Gemco, Inc., sold the goods, wares and merchandise above referred to "in reliance upon said bond of defendants Del E. Webb Corporation, National Surety Corporation and Fireman's Fund Insurance Company"; that "defendant American Concrete Forms, Inc., was a subcontractor of defendant Del E. Webb Corporation for the procurement and delivery of said items to said jobsite"; and that Gemco, Inc., has demanded the balance due on the account but "defendant and each of them (sic) wholly fails and refuses to pay same or any part thereof."

■ It is readily apparent from the foregoing that the monies which may be recovered by this suit would be paid to the use plaintiff and that Gemco, Inc., is the real party in interest who stands to benefit from any recovery in this case. The "contract agreement" here sued upon by the City of Kansas City at the relation of Gemco, Inc. (referred to in the complaint as the agreement of July 23, 1968), in the material part provides as follows:

"The party of the second part [National Surety Company and Fireman's Fund Insurance Company] hereby guarantees that the said party of the first part [Del E. Webb Corporation] will well and truly perform the covenants hereinbefore contained and will pay for the work and labor of all laborers, subcontractors, and truck drivers employed, and owners of equipment used on the work, and for all materials used therein, and if the cost of such work and labor, use of equipment and materials is not paid in full by the said party of the first part, then the said party of the second part hereby agreed to pay for said work and labor,

use of equipment, and materials or any part thereof which shall not be paid by said first party, within ten (10) days after the money for said work and labor, use of equipment and materials, becomes due and payable, and this provision shall entitle all laborers, truck drivers, and owners of trucks who may do work, and parties who may furnish equipment used and materials on or for the improvement to be made under this contract, to sue and recover from said second party the amount due or unpaid to them or either of them, by said first party * * * "

It is apparent that the provision, as applied in this case, is for the benefit of the relator and that the City of Kansas City is a "nominal" or "formal" party. Therefore, the citizenship of Gemco, Inc., is controlling on the issue of diversity of citizenship. The "nominal party plaintiff will be disregarded, and jurisdiction determined by the citizenship of the relator, when it appears that the latter is in fact the beneficial party in interest. Ex parte Nebraska, 209 U.S. 436, 28 S.Ct. 581, 52 L.Ed. 876." People of State of California ex rel. McColgon v. Bruce (C.A. 9) 129 F.2d 421, 423, 147

A.L.R. 782, cert. denied 317 U.S. 678, 63 S.Ct. 157, 87 L.Ed. 544, reh. denied 317 U.S. 710, 63 S.Ct. 255, 87 L.Ed. 566. See also Moore's Federal Practice ¶ 17.-04, pp. 115–117 (1969 ed.).[1] Because the citizenships of Gemco, Inc., and of American Concrete Forms, Inc. are both alleged to be in the state of Texas, it must be concluded that this Court has no jurisdiction of this cause because of lack of diversity of citizenship between plaintiff and all defendants.

■ This Court is under the obligation to review a complaint on its own initiative to determine whether it has jurisdiction. See Treinies v. Sunshine Mining Company, 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85, reh. denied 309 U.S. 693, 60 S.Ct. 464, 84 L.Ed. 1034. Otherwise, the plaintiff may be able to challenge jurisdiction on appeal after possibly having received an adverse determination of the merits of this cause in this Court. American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702.

For the foregoing reasons, it is

Adjudged that this cause be, and it is hereby, dismissed for lack of diversity jurisdiction.

---

1. See also Wright, Law of Federal Courts § 29, p. 94, where it is said:
 "It was noted above that nominal parties will be disregarded. In applying this rule, however, one who has the legal right to sue and represent those having a beneficial interest in the recovery is not treated as a nominal party, and his citizenship, rather than the citizenship of those whom he represents, is looked to for determining diversity. This rule was so well established in early decisions that by 1824 Chief Justice Marshall could announce as 'the universally received construction' that 'jurisdiction is neither given nor ousted by the relative situation of the parties concerned in interest, but by the relative situation of the parties named on the record.' In order to come within this rule, however, the representative must have actual powers with regard to the matter in litigation. Where the representative cannot prevent the institution or prosecution of the actions, or exercise any control over them, and is thus a mere conduit through whom the law affords a remedy to the persons aggrieved, the representative is treated as a nominal party, and the citizenship of the persons aggrieved is determinative.
 "Applying these two rules, if some officer is named as the formal obligee of a bond, for the benefit of private individuals, the citizenship of the individuals controls. [Browne v. Strode, 1809, 5 Cranch 303, 3 L.Ed. 108; McNutt for Use of Leggett v. Bland, 1844, 2 How. 9, 11 L.Ed. 159; Howard v. U. S., 1902, 22 S.Ct. 543, 184 U.S. 676, 46 L.Ed. 754.]"
 In the contract in the case at bar, the materialmen and others are specifically granted the right to sue directly on the bond and guarantee.