# CASES

# SUPREME JUDICIAL COURT,

IN THE

COUNTY OF SOMERSET, JUNE TERM, 1841.

---

## FREDERIC RAYMOND *vs.* ABRAHAM WYMAN *& al.*

Where it appears from the Probate records, that a majority of the selectmen of a town made a representation and complaint to the Judge of Probate for the county, that a certain inhabitant of that town was a spendthrift and wasting his estate; and that thereupon notice issued to the alleged spendthrift, to show cause why he should not be put under guardianship; it is sufficient to show that the Judge of Probate had jurisdiction under the *Stat.* 1821, *c.* 51, § 53.

Although no record of a decree for the appointment of a guardian is to be found in the Probate office, except in the registry of the letter of guardianship, yet as the jurisdiction of the Judge regularly attached by a proper representation and complaint, and he notified the party to be affected, the letter of guardianship is evidence, that the guardian was duly appointed.

And if the letter of guardianship misrecites, that this had been done upon an inquest of the selectmen, this does not vitiate the authority of the guardian, and a debtor of the spendthrift is protected in a payment to such guardian.

Where there are two guardians of a spendthrift, it is competent for one to receive payment of a debt due to the ward, of which payment his receipt is *prima facie* evidence.

ASSUMPSIT upon a note given to *Benjamin Wyman* and by him indorsed to the plaintiff, after it had been payable for some months. The defence relied upon was a payment to *Levi Emery* and *Joseph Cushing*, as guardians of *Benjamin Wyman,* the payee. The facts in relation to their appointment are stated in the opinion of the Court. To prove payment to the guardians, a receipt signed

by one of them was offered in evidence. This was objected to by the plaintiff as inadmissible for that purpose. It was admitted by WESTON C. J. presiding at the trial, as evidence merely to show a payment by the defendants to the person who signed it, in his character of guardian. A verdict was returned for the defendants, which was to be set aside, if the guardians were not authorized to receive the money, or if the receipt was erroneously admitted in evidence, unless the objections could be removed by an amendment of the probate records.

*Boutelle & Kidder* argued for the plaintiff, and cited *Stat.* 1821, *c.* 51, § 49, 53; 15 *Maine Rep.* 215; 9 *Pick.* 167.

*Tenney* argued for the defendants, and cited 4 *Mass. R.* 147; 12 *Pick.* 152; 14 *Pick.* 280; 21 *Pick.* 36; 10 *Mass. R.* 251; 11 *Mass. R.* 477; 3 *Greenl.* 29; 6 *Greenl.* 48, 162, 307; 2 *Fairf.* 177.

The opinion of the Court was drawn up by

WESTON C. J. — It appears from the Probate records, that on the 13th day of *March*, 1833, a majority of the selectmen of *Bloomfield* made a representation and complaint to the Judge of Probate, that *Benjamin Wyman*, the payee of the note in question, who was an inhabitant of that town, was a spendthrift and wasting his estate; and that thereupon notice issued to the said *Benjamin*, to show cause why he should not be put under guardianship. This proceeding gave jurisdiction to the Judge, under the *Statute* of 1821, *c.* 51, § 53. No record of a decree for the appointment of a guardian is to be found in the Probate office, except the registry of the letter of guardianship. It is very manifest, that this instrument was drawn upon a blank, which was intended to apply to the forty-ninth section of the same statute, which provides for the appointment of guardians for idiots and persons *non compos* or lunatic. But as the jurisdiction of the Judge regularly attached, by a proper representation and complaint, and he notified the party to be affected, we regard the letter of guardianship as evidence, that the guardians were duly appointed. It does not appear to us, that the misrecital, that this had been done upon an inquest by the selectmen, vitiates their authority, derived as it was from a lawful source, and upon proceedings regularly instituted. In a case thus

duly brought within the jurisdiction of the Judge, we are of opinion, that the debtors of the ward ought to be protected in their payments, notwithstanding the want of form in proceedings, with which they had no privity, and over which they had no control.

And we are further of opinion, that it was competent for one of the guardians to receive payment of a debt due to their ward; and that there is no legal objection to the evidence, by which this was proved.

*Judgment on the verdict.*