## SARGENT et al. v. SHAVER et al.

No. 8433—Opinion Filed April 16, 1918.

(172 Pac. 445.)

### Guardian and Ward—Vendor and Purchaser —Authority to Make Lease—Records.

The record in this case examined, and there being ample evidence to support the judgment of the court, the same is approved.

Error from Superior Court, Tulsa County; M. A. Breckinridge, Judge.

Action by J. S. Shaver and others against J. M. L. Sargent and others. Judgment for plaintiffs, and defendants bring error. Affirmed.

John E. Lydecker, Charles A. Steele, and Edgar M. Lee, for plaintiffs in error J. M. Sargent, J. W Leach, and R. E. Perry.

Robinson & Mieher, for defendant in error J. S. Shaver.

Opinion by HOOKER, C. A judgment was had in the lower court in favor of defendant in error, Shaver, against plaintiffs in error for the possession of the real estate involved here, and also quieting his title thereto, and for damages for the unlawful use thereof by them for the year 1910.

It is urged that a reversal should be had because: First. The court erred in overruling demurrer of R. E. Perry to the evidence. Second. The court erred in assessing damages as same were excessive and not sustained by the evidence. Third. The court erred in finding for Shaver against Perry in the ejectment matter.

We will consider the objections as urged. It is here claimed that Perry and Shaver acquired title from a common source; that is, that on August 13, 1912, Fred Chandler and the Colonial Trust Company, as guardians of Pink W. Watson, Jr., conveyed this property to one J. P. Evers, under and by deed duly authorized and approved by the county court of Tulsa county, and Evers conveyed same on August 31, 1912, to Shaver, and on July 3, 1912, before either of said deeds were executed, one of said guardians had made an agriculture lease thereon for the year 1913, to commence January 1, 1913. (This lease was made without any order of the county court or without any knowledge of the other guardian, and was not of record.) And inasmuch as the lease of Perry's was first made to him by one

of the guardians, that being first in time, he was entitled to a judgment here. Young v. Chapman, 37 Okla. 19, 130 Pac. 289. Not so here. Perry never recorded his lease, and at the time Evers bought this land from the guardians by the approval of the county court, he had no knowledge of the Perry lease either actual or constructive, and neither Perry nor his tenant was in possession thereunder, for same was not to commence until months thereafter, and after Shaver purchased it the tenant in possession never informed him of the lease to Perry, but in December, 1912, made a lease to cultivate it for the year 1913. And then one guardian alone had no authority to make this lease to him without the consent of the other.

In 12 R. C. L. p. 1173, it is said:

"When both have qualified, the authority vested in them is joint and to be exercised by both together."

And then section 1154, Rev. Laws 1910, is as follows:

"Except as hereinafter provided, no acknowledgment or recording shall be necessary to the validity of any deed, mortgage or contract relating to real estate as between the parties thereto; but no deed, mortgage, contract, bond, lease or other instrument relating to real estate other than a lease for a period not exceeding one year and accompanied by actual possession, shall be valid as against third persons unless acknowledged and recorded as herein provided."

It is therefore clear that the demurrer filed by Perry was properly overruled.

2. The court found and so adjudged that Perry and those holding under him occupied the premises for the year 1913, and that the damages suffered by the owner, Shaver, was the reasonable rental value of the land—$240. The evidence discloses that Shaver leased the land in December, 1912, to one S. for the year 1913, and S. attorned to him until the spring of 1913, and then surrendered his lease, but remained thereon as the tenant of Perry, as did the others who cultivated the land, although Shaver tried in vain by suit and otherwise to acquire the possession thereof. The amount of the judgment is justified by the evidence.

3. The evidence here fully discloses that at the time of the institution of this action the plaintiffs in error here and the defendants below were holding possession of this property adverse to Shaver and not with his consent, and the judgment ejecting them was proper.

Judgment affirmed.

By the Court: It is so ordered.