## MECOM v. FITZSIMMONS DRILLING CO., Inc., et al. *
### No. 259.

Circuit Court of Appeals, Tenth Circuit.

Jan. 20, 1931.

Rehearing Denied Feb. 12, 1931.

COTTERAL, Circuit Judge, dissenting.

Roy F. Ford, S. J. Montgomery, and Theo. H. Haugh, all of Tulsa, Okl., and A. H. Meyer, of Oklahoma City, Okl., for appellant.

H. C. Thurman, of Oklahoma City, Okl., and Ray S. Fellows, of Tulsa, Okl., for appellee Fitzsimmons Drilling Co.

George F. Short and C. W. King, both of Oklahoma City, Okl., and H. H. Hagan and T. A. Gavin, both of Tulsa, Okl., for appellee Atlantic Oil Producing Co.

Before LEWIS and COTTERAL, Circuit Judges, and POLLOCK, District Judge.

POLLOCK, District Judge.

This action was instituted in a state court of Oklahoma to recover damages on account of the death of Archie Lee Smith, alleged to have been caused by the negligence and wrongful act of the defendants Fitzsimmons Drilling Company, a corporation of Louisiana, and the Atlantic Oil Producing Company, a corporation of Delaware. Smith was injured on May 24, 1927, and died on the following day. He left surviving him his widow, Lillian Smith, and two small children. The statute of Oklahoma, sections 824 and 825, Compiled Statutes of 1921, provides that damages in such case inure to the exclusive benefit of the widow and children, if any, to be distributed to them in the same manner as personal property of the deceased.

The Supreme Court of that state, in St. Louis & S. F. R. Co. v. Goode, 42 Okl. 784, 142 P. 1185, L. R. A. 1915E, 1141, held that the damages recovered in such a suit become assets of the decedent's estate, but belong exclusively to the beneficiaries named therein. Shortly after the death of Smith, his widow was appointed administratrix, and she brought an action against the defendants in

the state court, alleging she and the two children as beneficiaries had been damaged in a very large amount. The defendants removed that case to the federal court, and, the plaintiff being unsuccessful on her motion to remand, dismissed her action and shortly thereafter instituted another action like the first. This went through the same procedure as the first case. Thereafter she resigned as administratrix, and one William H. Mecom, a citizen and resident of the state of Louisiana, was appointed administrator by a probate court of Oklahoma. He then brought a like action in the state court. It was removed to the federal court. That court refused to remand it. The plaintiff dismissed, and then he brought this action in the state court, in which, as in the prior cases, he embodied two counts. In the first count he alleged that he sues for the use and benefit of the widow and two minor children, and asks damages in the sum of $100,000. In the second count he alleged deceased was conscious from the time he was injured until he died and on account of his injury suffered bodily pain and mental anguish from the time he was injured until he died, and prays damages in the sum of $3,000 therefor. The case was removed to the federal court, and, on the court's refusal to remand it, went to trial and resulted in favor of defendants. Appellant comes here assigning error that the court overruled his motion to remand to the state court.

The grounds for the removal of the case from the state to the federal court were, first, diversity of citizenship; and, second, a fraudulent intent and purpose on the part of Mrs. Smith and her attorney and the present plaintiff to defeat federal jurisdiction. Adverting to the last point, it appears that the resignation of Mrs. Smith and the appointment of Mecom in her stead was solely the act of her counsel who brought the prior suits and this one. He wrote to Mecom asking him if he would accept such an appointment. Mecom did not come to Oklahoma, but signified his willingness to accept the appointment solely as an accommodation. When he was appointed, the attorney for plaintiffs signed the required oath and appointed Mrs. Smith as his resident agent. He did not sign the petition for his appointment as administrator nor the required bond. His name was signed to the petition and bond by counsel for the plaintiff in this case who had brought the prior suits for Mrs. Smith. He had nothing further to do with the estate of deceased, and received no information about the estate. He gave no direction about the commencement of this or any other suit.

He had no information about any litigation in which the estate might be interested, and was in no way related to the deceased. So far as he could learn, the deceased left no estate in the state of Louisiana. He acted in the matter merely to accommodate Mrs. Smith's attorney. Counsel for appellant contends that under the laws of Oklahoma the appointment of Mecom as administrator was a legal act, that Mrs. Smith and her counsel acted lawfully in the procuring of Mecom's appointment, and that their actions in that respect cannot be held to have been fraudulent conduct, and that inasmuch as Mecom and one of the defendants were citizens and residents of the same state the case could not be removed on the ground of diversity of citizenship. I pass this point for the present.

■ There was diversity of citizenship between the beneficiaries, Mrs. Smith and her two children on the one side, and both defendants on the other; and it is contended by counsel for appellees that the citizenship of the beneficiaries and not of the nominal plaintiff controls. The whole recovery, should there be any, on the first count, would go exclusively to the beneficiaries; no one else would have any interest therein. It would not belong to the estate of the deceased to be administered as other property of the estate, if any.

There can be no doubt but that, if the recovery had on the first count was to go into the estate of deceased to be administered as part of that estate, the administrator would be a proper and necessary party to the case, for in such event he and his bond as administrator would be held liable for its proper application and distribution. But, in the instant case, while by force of the statute creating a cause of action for death by wrongful act when no such right of action existed at the common law, the action is purely statutory, and an administrator may maintain the action for the sole use and benefit of the widow and children of the deceased, and on no other grounds, and for no other purpose. It is the contention of defendants in such case the administrator is a purely nominal party and those for whose use and benefit the action is brought and prosecuted are the real parties in interest. That for the purpose of determining the jurisdiction of the federal courts of our country regard is had to the real parties in interest and not the merely nominal party. Thus, in Stewart v. Baltimore & Ohio Railroad Co., 168 U. S. 445, 18 S. Ct. 105, 106, 42 L. Ed. 537, Mr. Justice

Brewer, delivering the opinion for the court, said: "For purposes of jurisdiction in the federal courts, regard is had to the real, rather than to the nominal, party. Browne v. Strode, 5 Cranch, 303 [3 L. Ed. 108]; McNutt v. Bland, 2 How. 9 [11 L. Ed. 159]; State of Maryland, for the use of Markley v. Baldwin, 112 U. S. 490, 5 S. Ct. 278 [28 L. Ed. 822]. See, also, Gaither v. Farmers' & Mechanics Bank of Georgetown, 1 Pet. 37, 42 [7 L. Ed. 43], in which the issue submitted to the jury was, as stated, one between the bank to the use of Thomas Corcorran, plaintiff, and Gaither, the defendant, upon which the court said: 'This practice is familiar with the Maryland courts, and, when the action originates in that form, the cestui que use is regarded as the real party to the suit.' It is true those were actions on contract, and this is an action for a tort; but still in such an action it is evident that the real party in interest is not the nominal plaintiff, but the party for whose benefit the recovery is sought; and the courts of either jurisdiction will see that the damages awarded pass to such party."

In Maryland v. Baldwin, 112 U. S. 490, 5 S. Ct. 278, 279, 28 L. Ed. 822, Mr. Justice Field, delivering the opinion for the court, said: "So, in the present case, the state is a mere nominal party; she could not prevent the institution of the action, nor control the proceedings or the judgment therein. The case must be treated, so far as the jurisdiction of the circuit court of the United States is concerned, as though Markley was alone named as plaintiff; and the action was properly removed to that court."

See, also, Huff v. Hutchinson, 14 How. 586, 14 L. Ed. 553; Ferguson v. Ross (C. C.) 38 F. 161, 3 L. R. A. 322, and cases cited therein; Browne v. Strode, supra; McNutt v. Bland, supra; State of Indiana v. Glover, 155 U. S. 513, 15 S. Ct. 186, 39 L. Ed. 243.

It is further to be noted the petition for removal in this case pleads a separable controversy between the real parties in interest, Mrs. Smith and her two children. Also a collusive attempt on the part of Mrs. Smith and the foreign plaintiff administrator by collusion and fraud to defeat the jurisdiction of the federal courts. In such case the case of Cerri v. Akron-People's Telephone Company and the village of Cuyahoga Falls (D. C.) 219 F. 285, by a parity of reasoning would appear to be much in point. While that case is not like the present one in point of fact, by parity of reasoning it is alike in principle with the instant case. In that case,

as here, the action was brought to recover damages for death by wrongful act of one William McCracken, a citizen of the state of Ohio, as were defendants the telephone company and the village of Cuyahoga Falls. In that case, as here, the widow of the deceased had the preferential right of appointment as the administratrix of the estate of her husband, and there, as here, the widow renounced her right of appointment, and the plaintiff, a citizen of the kingdom of Italy, was appointed administrator and brought the action to recover for the wrongful death in the federal court. In that case, the object and purpose of the appointment was to so frame an action as to escape the jurisdiction of the state court and give the federal court jurisdiction. The object and purpose in this case of the appointment of a foreign administrator was to escape from the jurisdiction of the state court and give the federal court jurisdiction. The object and purpose in this case of the appointment of a foreign administrator was to escape the jurisdiction of the federal court and give the state court sole jurisdiction. In that case the beneficiaries who would take the entire recovery had were citizens of Ohio with defendants. In this case the beneficiaries who would take the entire recovery, if any be had, are citizens and residents of Oklahoma, a state foreign to that of Louisiana and Delaware. The court in that case first raised and determined the question of jurisdiction, whether there was collusion between the beneficiaries and others for the appointment of a citizen of a foreign country as administrator for the purpose of escaping the jurisdiction of the state and making a case cognizable in the federal court. In the course of an exhaustive and well-reasoned opinion, citing a wealth of authorities, it was held the federal court had no jurisdiction, and the case was dismissed. The very object and purpose of the grant by Congress of jurisdiction to the federal courts of our country was to permit citizens of foreign states litigating with citizens of another state to escape the local influence of their adversaries by removal of such controversy into the federal court.

I am convinced on both grounds, under the peculiar facts of this case, the removal of the cause of action for death by wrongful act into the federal court was both consonant with justice and the true rule which should govern in such controversy.

Coming now to the second cause of action removed and pleaded in the petition, it may be said that cause of action could neith-

er have been brought in the federal court nor, standing alone, have been removed thereto for want of jurisdiction over the subject-matter in a federal court, for the jurisdictional amount in controversy was not claimed, and any recovery had would go into the estate for administration and distribution by the administratrix. However, I take it to be quite well settled when in a case like this a petition filed in a state court contains two counts or causes of action, one of which controversies is removable into a federal court and the other not removable, a removal into a federal court of the cause of action which may be removed brings the entire case into the federal court, as was done in this case. This proposition is so well and conclusively settled it needs but the citation of a few authorities in its behalf. Geer v. Mathieson Alkali Works, 190 U. S. 428, 23 S. Ct. 807, 47 L. Ed. 1122; Barney v. Latham, 103 U. S. 205, 26 L. Ed. 514; Brooks v. Clark, 119 U. S. 502, 7 S. Ct. 301, 30 L. Ed. 482; Connell v. Smiley, 156 U. S. 335, 15 S. Ct. 353, 39 L. Ed. 443; Venner v. Southern Pac. Co. (C. C. A.) 279 F. 832; Rogers v. Penobscot Mining Co. (C. C. A.) 154 F. 606; Cella, Adler & Tilles v. Brown (C. C.) 136 F. 439; Hamilton v. Empire Gas & Fuel Co., et al., and Shriver v. Empire Gas & Fuel Co. (C. C. A.) 297 F. 422; Hoffman v. Lynch (D. C.) 23 F.(2d) 518; Bedell v. Baltimore & O. R. Co. (D. C.) 245 F. 788; Strother v. Union Pac. R. Co. (D. C.) 220 F. 731; Flas v. Illinois Central R. Co. (D. C.) 229 F. 319, and many other cases.

It follows, on the entire record, we find no reversible error and the judgment is therefore affirmed. It is so ordered.

COTTERAL, Circuit Judge (dissenting).

There was not diversity of citizenship in this case between the plaintiff and the defendant Fitzsimmons Drilling Company; both of them being citizens of Louisiana. To avoid the difficulty, it was claimed in the petition for removal that the plaintiff's selection and appointment as administrator was fraudulently obtained, in order to defeat the jurisdiction of the federal court. In the majority opinion, the pertinent facts are detailed which are held to justify denial of the motion to remand. I dissent because they are deemed to be wholly insufficient.

The suit was brought by the administrator of the estate of the deceased on two causes of action. The first was to recover damages for the loss by the next of kin of decedent's life, for their benefit, pursuant to sections 824 and 825, Comp. Okl. Stat. 1921, which require an administrator, if appointed, to prosecute the action. The second was brought, as required, by the administrator to recover damages which accrued to the decedent for pain and suffering endured by him, as an asset of the estate. St. L. & S. F. R. Co. v. Goode, 42 Okl. 784, 142 P. 1185, L. R. A. 1915E, 1141; Smith v. C., R. I. & P. Co., 42 Okl. 577, 142 P. 398. The joinder of the causes of action was authorized in the name of the administrator. Sections 266 and 211, C. O. S. 1921.

It is settled law that the citizenship of a personal representative and not that of the beneficiaries controls for purposes of jurisdiction when the former may sue under state law. Rose, Fed. Juris & Proc., § 262; Memphis St. Ry. Co. v. Bobo and Moore (C. C. A.) 232 F. 708; City of Detroit v. Blanchfield (C. C. A.) 13 F.(2d) 13, 47 A. L. R. 314; Mexican Cent. R. Co. v. Eckman, 187 U. S. 429, 23 S. Ct. 211, 47 L. Ed. 245; Memphis St. Ry. Co. v. Moore, 243 U. S. 299, 37 S. Ct. 273, 61 L. Ed. 733; Black v. Brown, 276 U. S. 518, 48 S. Ct. 404, 72 L. Ed. 681, 57 A. L. R. 426. In Oklahoma, an administrator is not a merely nominal party. By section 1197, c. 5, art. 4, C. O. S. 1921, the possession of the estate is vested in him, and it is his duty to collect the debts due the decedent or the estate.

Without reviewing the facts in opposition to the motion to remand, it is a sufficient answer that the widow of the deceased was a party to plaintiff's appointment by her resignation and designation of him as her agent, counsel in soliciting his appointment is presumed to represent her in selecting him in her stead, his signature on the petition and bond for his appointment was not required by the laws of Oklahoma, he was qualified as a nonresident (sections 1153 and 1141, art. 3, c. 5, C. O. S. 1921), the estate in Oklahoma conferred jurisdiction to appoint him (section 1088, art. 1, c. 5, C. O. S. 1921), the official oath taken by him obligated him to perform the duties of his trust, and there is no showing that the county court did not direct this suit in his name.

The plaintiff's selection and appointment was not fraudulent, because a lawful act cannot be so regarded. The county court alone had jurisdiction to make the appointment, it imported a finding of every essential jurisdictional fact, and it is not subject to collateral attack. Wolf v. Gills, 96 Okl. 6, 219 P. 350. Until vacated by the county court, the appointment stands as authoritative and

32

binding in every other forum. It is immaterial that the object of the plaintiff's appointment was to defeat removal to the federal court, within the same principle that joining a defendant in a suit is not fraudulent, whatever the motive may be, if by the state law he has a joint liability. Illinois Central R. Co. v. Sheegog, 215 U. S. 308, 30 S. Ct. 101, 54 L. Ed. 208; Chicago, B. & Q. R. Co. v. Willard, 220 U. S. 413, 31 S. Ct. 460, 55 L. Ed. 521. In my opinion, the judgment should be reversed, with direction to remand this case to the state court.

But, if this be a mistaken view, and the case was removable, then the action itself should have been dismissed by the District Court, and we should reverse the judgment, with direction to dismiss it, because the defendant's position is necessarily that there is no competent party plaintiff. A federal court is bound of its own motion to dismiss a suit where jurisdiction is wanting. Section 80, title 28, U. S. Code (28 USCA § 80). The defendant takes the inconsistent position that for the purpose of removal the plaintiff is not a competent party and yet for the purpose of a trial he is competent, and it is here insisting on an affirmance of the adjudication on the merits of the demands in suit. Either the action must be remanded or dismissed. The case of Cerri v. Akron-People's Telephone Co., cited in the majority opinion, is authority for the dismissal of this case.

There were four prior suits. They were brought upon but one cause of action, the first in this suit, to which the second was added for the first time in this case. The defendant may have had ground to enjoin those suits as vexatious, but the remedy was waived. The right to dismiss a case without prejudice before submission is expressly authorized by the state law. Section 664, c. 3, art. 22, C. O. S. 1921. There was no adjudication in those suits. They have no bearing in this controversy, are mere matters of aggravation, and are of no consequence.

I am unable to find any claim to a separable controversy in the removal petition. However, if asserted there, it would be immaterial. Both causes of action, the second adopting the first, charged a joint liability against the defendants. A defendant cannot make an action several which a plaintiff has elected to make joint. Rose, Fed. Juris. & Proc., § 362; Torrence v. Shedd, 144 U. S. 527, 12 S. Ct. 726, 36 L. Ed. 528; Ches. & O. R. Co. v. Dixon, 179 U. S. 131, 21 S. Ct. 67, 45 L. Ed. 121; Illinois Central R. Co. v.

Sheegog, supra; McAllister v. Ches. & O. R. Co., 243 U. S. 302, 37 S. Ct. 274, 61 L. Ed. 735.