SAMUEL E. RICHARDSON, GUARDIAN *v.* PASSUMPSIC SAVINGS BANK.

February Term, 1940.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed May 7, 1940.

182

*Conant & Parker* for the defendant.

*Samuel E. Richardson* and *Matthew J. Caldbeck* for the plaintiff.

SHERBURNE, J. It appears from the findings that upon the death of Guy W. Hill, there was a savings account in the defend-

ant bank made out to "Willard S. Hill, Guy W. Hill, Trustee."
Willard S. Hill is a minor and the son of Guy W. Hill. Sara G.
Hill, the widow of Guy W. Hill and the step-mother of Willard
S. Hill, was the sole executrix of the estate of her late husband,
and in 1928, she and Samuel E. Richardson, the plaintiff, were
appointed co-guardians of the said Willard. On July 8, 1932,
Mrs. Hill presented the letters of appointment of herself and
Richardson as guardians to the defendant bank, and had the
account changed so that it stood in the name of "Willard S.
Hill, Sara G. Hill and Samuel E. Richardson, Guardians." She
then as guardian signed an identification card headed by the
account number and the words:

> "Hill, Willard S.
> Sara B. Hill
> Samuel E. Richardson      } Guardians."

On the same day she withdrew $150.00 from the account, giving
her receipt as one of the guardians, and from time to time there-
after withdrew further sums in like manner, until the account
was closed on December 6, 1932.

Although it is found that a portion of the sums with-
drawn was misapplied by Mrs. Hill, the findings state that "So
far as it appears the Bank had no knowledge before paying
out any of the funds withdrawn that they would be misapplied."
Hence, if Mrs. Hill was competent to make the withdrawals, the
bank could rely upon the presumption that they would not be
misapplied. *Sparrow, Admr.* v. *Vermont Savings Bank*, 96 Vt.
124, 130, 117 Atl. 667; *Hale et al.* v. *Windsor Savings Bank et
al.*, 90 Vt. 487, 98 Atl. 993. In giving judgment for the plaintiff
the lower court impliedly held that she was incompetent.

We can immediately eliminate some questions raised
by the briefing of both parties. A guardian of the property of a
person who is under an incapacity is a trustee in the broad
sense of the term. He is under a duty to his ward to deal with
the property for the latter's benefit. A guardian, like a trustee,
is a fiduciary. He is not, however, a trustee in the strict sense.
He is entrusted with the possession and management of his
ward's property but he does not take title to it. Scott on Trusts,
§ 7; Rest. of Trusts, § 7. In this case we do not have a bank

deposit standing in the joint names of the two guardians. The deposit belonged to the ward, and the notation of the names of the guardians simply indicated that they had the management of it. Consequently we are not concerned with a joint tenancy or with a joint deposit.

Joint guardians are seldom appointed and there are but few cases relative to them. It is said in 28 C. J. 1281, and in 25 Am. Jur., Guardian and Ward, § 214, that their authority is joint and several. This is supported by *Kirby* v. *Turner*, 1 Hopk. Ch. (N. Y.) 309, and *Kevan* v. *Waller*, 11 Leigh (38 Va.) 414, 36 Am. Dec. 391. While it is said in Corpus Juris that each has the power of a guardian, and neither has the right to act in defiance of the other, it is said in American Jurisprudence that where both have qualified, the authority vested in them is joint, and to be exercised by both together. The only case which has been called to our attention in support of this is *Sargent* v. *Shaver*, 69 Okl. 282, 172 Pac. 445, a case having to do with a lease, in which it is held that the guardians must act jointly.

██ However the rule may be relative to leasing or disposing of the ward's property, one joint guardian is competent to receive payment of a debt due his ward and to give his receipt in discharge of the debtor. This conclusion is supported by Woerner on Guardianship, 453; *Raymond* v. *Wyman*, 18 Me. 385; and *Alston* v. *Munford*, 1 Fed. Cas. No. 267, 1 Brock 266, where Chief Justice Marshall, while sitting in the circuit court, said: "When there is more than one testamentary guardian, it may be necessary that they should unite in any act which disposes of the property of the ward; but I cannot conceive that the absence of one, disables the other from collecting a debt due to the ward. I cannot conceive that a joint receipt is necessary to the discharge of the debtor. This would be extremely inconvenient, and I should require an express authority to the point, before I could admit the principle. Whether the principle, laid down in 3 Ba. 407, * * * 407, Tit. 'Guardian by Statute', par. 9, that from the nature of the thing, the authority of guardians must be joint and several, be true in all cases, or not, I think it must be true in the case of receiving the money of a ward." In view of our statutory provisions relative to guardians and executors and administrators, Chapter 142 and Title

12 respectively of the Public Laws, we are unable to distinguish between the powers of joint guardians and joint executors and administrators in this respect. In *Gleason* v. *Lillie,* 1 Aikens 28, it is held that one joint administrator may discharge a debt or claim due the estate. This is the general rule. See 21 Am. Jur., Executors and Administrators, § 751; annotations 106 A. L. R. 111.

■ Money deposited in a bank without special arrangement becomes the property of the bank, and the depositor becomes a creditor of the bank to the amount of the deposit. It is a loan to the bank, and the right of the depositor is a mere chose in action. *State* v. *Clement National Bank,* 84 Vt. 167, 180, 181, 78 Atl. 944, Ann. Cas. 1912D 22.

■ It follows that Mrs. Hill was competent as one of the guardians to make the withdrawals.

*Judgment reversed, and judgment for the defendant to recover its costs.*