John S. **HUDGENS** and Ernest H. Riddle, Co-Guardians of the person and estate of Mike Davis, a minor, Plaintiffs,

v.

**COOK INDUSTRIES, INC.**, a Foreign Corporation, Defendant.

No. 69–C–306.

United States District Court, N. D. Oklahoma.

March 9, 1970.

Watson & Watson, Drumright, Okl., Foliart, Shepherd & Mills, Oklahoma City, Okl., for plaintiffs.

Rhodes, Hieronymus, Holloway & Wilson, Oklahoma City, Okl., for defendant.

---

## ORDER REMANDING CASE

DAUGHERTY, District Judge.

Upon consideration of Plaintiffs' Motion to Remand in the above case and the briefs in support of and in opposition to the Motion, the Court finds that the said Motion should be sustained and the case remanded to the state court from which it was removed.

The case removed to this Court involves non-diverse parties in that Defendant and the Plaintiff, John S. Hudgens, are both residents and citizens of the State of Tennessee. The Petition for Removal and the allegation of the existence of federal diversity jurisdiction are based upon a collateral attack upon the validity of the appointment of John S. Hudgens as co-guardian of Mike Davis, a minor of the age of 17 years.

In 39 C.J.S. Guardian and Ward § 38 the following general rule is stated with respect to collateral attack upon a decree appointing a guardian:

> "*Collateral attack.* Where the court has jurisdiction in the premises, its judgment, order, or decree appointing a guardian and adjudicating any other questions involved cannot be collaterally attacked. The only question that is raised by a collateral attack is whether, on the face of the application and the order, the proceeding was void; * * *.
>
> Against a collateral attack all presumptions are in favor of the regularity of the proceedings; and it will be presumed that all the facts necessary to vest the court with jurisdiction to make such appointment had been found to exist before it was made * * *."

Defendant's attack on the appointment of John S. Hudgens consists of the following elements: First. That no notice of the hearing was given to the ward. Second. That the ward is above the age of 14 and was not given the right to nominate his own guardian. Third. That the oath of John S. Hudgens to the Letters of Guardianship was taken before a Notary Public whose commission had previously expired, thus, making the Letters of Guardianship invalid.

■ First, as to notice, 58 Okl.St.Ann. § 761 requires that before the making of the appointment the judge must cause, " * * * such notice as he deems reasonable to be given to the relatives of the minor residing in the county, to any person having care of such minor and, if he is above the age of fourteen years, to the minor himself."

By Order Nunc Pro Tunc of March 4, 1970, it is stated that "all necessary persons have been given reasonable notice of this hearing," thus satisfying the requirements of 58 Okl.St.Ann. § 761.

■ Second, as to nomination, the record discloses that the minor-ward is 17 years old. This fact entitles him, under 58 Okl.St.Ann. § 762, to nominate

his own guardian. The Defendant contends that the record of the guardianship proceedings fails to disclose the existence of two necessary elements in this regard: (1) Notice to the ward of the hearing. (2) No waiver of nomination appears of record. As to (1), supra, "all necessary persons have been given reasonable notice" according to the Order Nunc Pro Tunc above referred to and the ward is a necessary person. In addition, both of the above two grounds are insufficient grounds for a collateral attack on the appointment. In the case of Powers v. Brown, 122 Okl. 40, 252 P. 27 (1926), where the minor was also over 14, the following language is found:

"In Hathaway et al. v. Hoffman et al., 53 Okl. 72, 153 P. 184, it is said:

'The appointment of a guardian for minors by a county court imports jurisdiction in the court so to do, and it will be inferred from the fact that such an appointment was made that all the facts necessary to vest the court with jurisdiction to make the appointment had been found to exist before the same was made.'

The records of the county court being silent as to notice to the minor over 14 years of age, and silent as to said minor's nomination of her guardian, or an actual waiver of that right, it is to be presumed, in aid of the jurisdiction to make the appointment, that the court before making the appointment found the fact of a nomination by said minor or a waiver of that right in person." 252 P. 27 at p. 29.

And in the case of Greer et al. v. McNeal et al., 11 Okl. 519, 69 P. 891 (1901), it was held:

"It is not necessary that in proceedings properly before the probate court and within its jurisdiction its judgments shall contain a recitation of the facts upon which the jurisdiction of the court depends." 69 P. 891.

■ Moreover, the Order Nunc Pro Tunc above referred to recited the mental and physical condition of the minor at the time and now which rendered him incapable of making a nomination.

■ Third, as to the guardian's oath, the aforementioned Order Nunc Pro Tunc states that the oath of John S. Hudgens to the Letters of Guardianship was taken before a Notary Public whose commission had not in fact expired. The original county court proceedings show the oath to have been taken on April 22, 1969 before a Notary whose commission is stated to have expired April 8, 1968. However, the Order Nunc Pro Tunc recites that what actually occurred was a clerical error in stating the date of expiration of the commission and said Order corrected said error nunc pro tunc to show that the said commission expires April 8, 1972 instead of April 8, 1968, "the date of 8 April 1972 being the correct expiration date of the commission of the Notary Public at the time said oath was executed." Order No. PG 69–99, District Court of Kay County, State of Oklahoma, p. 4. The error in the expiration date of the commission being clerical in nature and misleading no one, cannot be a basis for invalidating the proceedings. Jones v. Prairie Oil & Gas Co., (Okl.) 273 U.S. 195 at p. 198, 47 S.Ct. 338, 71 L.Ed. 602 at p. 608 (1927).

■ For the foregoing reasons, the appointment of John S. Hudgens as co-guardian of the estate of Mike Davis is not subject to collateral attack in this Court.

■ The remaining issue presented in the instant case is whether an action may be removed to Federal Court on the ground that a non-resident co-guardian has been appointed for the purpose of defeating federal diversity jurisdiction. It has been held that if the fiduciary is appointed solely to create diversity, federal jurisdiction cannot be sustained, McSparran v. Weist, 402 F.2d 867 (Third Cir. 1968); Ferrara v. Philadelphia Laboratories, Inc., 393 F.2d 934 (Second Cir. 1968); Gilchrist v. Strong, 299 F. Supp. 804 (W.D.Okl.1969). However, this rule is confined to situations where the appointment is made to *invoke* fed-

eral jurisdiction and does not apply where the purpose for the appointment is to *avoid* such jurisdiction. A lack of diversity of citizenship may be obtained or "manufactured" to defeat federal jurisdiction. Mecom v. Fitzsimmons Drilling Company, 47 F.2d 28 (Tenth Cir. 1931), reversed 284 U.S. 183, 52 S.Ct. 84, 76 L.Ed. 233 (1931). In the *Mecom* case the Court said:

"The case comes to no more than this: There being, under Oklahoma law, a right to have a non-resident appointed administrator, the parties in interest lawfully applied to an Oklahoma court, and petitioner was appointed administrator, with the result that the cause of action for the wrongful death of decedent vested in him. His citizenship being the same as that of one of the defendants there was no right of removal to the federal court; and it is immaterial that the motive for obtaining his appointment and qualification was that he might thus be clothed with a right to institute an action which could not be so removed on the ground of diversity of citizenship." 284 U.S. 183, 52 S.Ct. 84, at 87, 76 L.Ed. 233 at p. 239.

█ 58 Okl.St.Ann. § 772 provides that more than one guardian may be appointed. 58 Okl.St.Ann. § 775 permits the appointment of a non-resident as guardian upon written request of the father and mother, as was done in this case in the county court proceedings. Where both guardians have qualified, as herein, "the authority vested in them is joint and to be exercised by both together." Sargent v. Shaver, 69 Okl. 282, 172 P. 445 at p. 446 (Okl.1918). Therefore, the Tennessee co-guardian is a necessary party plaintiff in the litigation of the minor Plaintiff's cause of action against the Defendant, also a Tennessee resident.

█ For the foregoing reasons it is concluded that the diverse citizenship necessary for federal jurisdiction under 28 U.S.C.A. 1332(a) (1) is lacking in this case.

Accordingly, it is ordered that this case be remanded to the District Court for Creek County, Oklahoma, Drumright Division, and the Clerk of this Court is directed to take the necessary action to so remand the same.