## Guardianship of H. L.

[460 A.2d 478]

No. 82-285

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed April 15, 1983

*Louis J. Cattani,* Wells River, for Petitioners-Appellees.

*William J. Reedy,* Vermont Developmental Disabilities Law Project, and *Katharine Rowe,* Law Clerk (On the Brief), Burlington, for Respondent-Appellant and Guardian Ad Litem.

*John J. Easton, Jr.*, Attorney General, and *Zander B. Rubin*, Assistant Attorney General, Montpelier, for intervenor State of Vermont.

**Gibson, J.** The mother of H. L. appeals from a judgment granting guardianship of her minor child to the maternal grandparents. For the reasons stated herein, we reverse.

The pertinent facts are as follows. Legal custody of H. L. was vested in the mother (appellant) in 1975, when she was divorced from H. L.'s father. Thereafter, mother and child lived with the maternal grandparents (appellees). On April 3, 1982, appellees filed a petition under 14 V.S.A. § 2645(2) seeking to be appointed guardians of H. L. Section 2645 provides that, upon application, "the probate court may appoint a guardian . . . [w]hen the parent is under guardianship or shown to be incompetent or unsuitable to have the custody of the person of the minor." At the time the petition was filed and at all times material herein, appellant was a patient at the Vermont State Hospital.

On May 3, 1982, counsel filed his appearance for appellant, and initially was able to communicate effectively with her. However, when counsel went to see her on May 28, he found that he was no longer able to communicate effectively with her because of a deterioration in her mental condition.

Counsel immediately notified appellees' counsel and the court that a guardian ad litem should be appointed. Because the probate judge was away and since May 31 was a state holiday, appellant's counsel was unable to talk with the judge until the morning of the hearing, June 1, 1982. At that time the judge indicated that counsel himself could be appointed guardian ad litem. Counsel objected, and repeated his objection at the hearing that afternoon. The judge thereupon ruled that appellant would be adequately protected if counsel were to serve solely in his capacity as her attorney. No guardian ad litem was appointed. Appellant now challenges the failure of the court to appoint a guardian ad litem to protect her interests and also the failure of the court to rule that 14 V.S.A. § 2645(2) is unconstitutional.

■ At the outset, we note that there is no statutory requirement that the probate court appoint a guardian ad

litem for an incompetent parent in a proceeding under 14 V.S.A. § 2645(2). Nor do the guardianship provisions of V.R.C.P. 17(b) apply since the Vermont Rules of Civil Procedure are not applicable to the probate courts. V.R.C.P. 1. However, the appointment of a guardian ad litem is a power inherent in courts in dealing with those appearing before them who are under disability. *In re Dobson*, 125 Vt. 165, 167, 212 A.2d 620, 622 (1965).

Generally speaking, it is the duty of the court at all stages of a trial to see that the interests of an incompetent person are fully protected and preserved. 41 Am. Jur. 2d *Incompetent Persons* § 121. This Court has held that a guardian ad litem must be appointed for an incompetent litigant when fundamental rights are involved, even if the incompetent objects to such an appointment. *In re Raymond*, 137 Vt. 171, 400 A.2d 1004 (1979).

Both the right of a parent to custody and the liberty interest of parents and children to relate to one another in the context of the family, free of governmental interference, are basic rights protected by the due process clause of the Fourteenth Amendment to the United States Constitution. *Santosky* v. *Kramer*, 455 U.S. 745, 753 (1982); *Rutherford* v. *Best*, 139 Vt. 56, 60, 421 A.2d 1303, 1306 (1980). See also *Bioni* v. *Haselton*, 99 Vt. 453, 457, 134 A. 606, 607 (1926). In a proceeding to permanently deprive parents of custody of their infant child under 33 V.S.A. § 656, this Court vacated a juvenile court order when no guardian ad litem had been appointed for the insane father, holding that "[s]ince no guardian was appointed to protect this parent's interest in a proceeding involving so vital a right, the resulting judgment cannot stand . . . ." *In re Colombe*, 131 Vt. 21, 21, 298 A.2d 820, 820 (1972).

In the case before us, appellant's fundamental right to the custody of her minor child is involved. *Santosky* v. *Kramer, supra; Rutherford* v. *Best, supra.* When information about the deterioration of appellant's mental condition was brought to the attention of the court, it became incumbent upon the court to insure that appellant's interests were protected. Had the court been in doubt about appellant's con-

dition, it could have required a showing sufficient to enable it to make a judicial determination as to whether appellant was competent to proceed without the appointment of a guardian ad litem. However, the court did not question counsel's representations about his client's incompetency. Such being the case, it was error on the part of the court to fail to appoint a guardian ad litem for appellant.

In view of our disposition above, we do not reach the constitutional issue.

*Reversed and remanded.*