### In re Guardianship of E.B

[568 A.2d 399]

No. 87-391

Present: **Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.**

Opinion Filed October 13, 1989

*Brian Sawyer*, Rutland, and *John M. Hall*, St. Johnsbury, of Vermont Legal Aid, Inc., for Appellant.

*Jeffrey L. Amestoy*, Attorney General, and *Geoffrey A. Yudien*, Assistant Attorney General, Montpelier, for Appellee.

**Gibson, J.** Vermont Senior Citizens Law Project of Vermont Legal Aid, Inc. (Legal Aid), acting on behalf of E.B., appeals a probate court order denying Legal Aid's motion to set aside a prior order appointing a guardian for E.B. Intervenor State of Vermont moves for dismissal of the appeal on the ground that Legal Aid lacks legal capacity to bring it.

In October of 1984, the probate court placed E.B. under total involuntary guardianship. On March 30, 1987, Legal Aid, on behalf of E.B., filed motions to set aside the guardianship order and for the appointment of a guardian ad litem for E.B. E.B.'s guardian opposed the motion to set aside the guardianship order on the ground that Legal Aid had no authorization to act on E.B.'s behalf. The probate court denied the motion to set aside the guardianship order, but never acted on the motion to ap-

point a guardian ad litem. We vacate the court's order and remand the matter so that the probate court may determine whether a guardian ad litem should be appointed to represent E.B. in any further proceedings that may be held herein.

■ "[I]t is the duty of the court at all stages of a trial to see that the interests of an incompetent person are fully protected and preserved." *Guardianship of H.L.*, 143 Vt. 62, 65, 460 A.2d 478, 479 (1983); see V.R.P.P. 18(c). Accordingly, "a guardian ad litem must be appointed for an incompetent litigant when fundamental rights are involved, even if the incompetent objects to such an appointment." *H.L.*, 143 Vt. at 65, 460 A.2d at 479 (citing *In re Raymond*, 137 Vt. 171, 400 A.2d 1004 (1979)).

■ "An attorney can effectively argue the alternative courses open to a client only to one assumed to be capable of making a discriminating choice." *In re Dobson*, 125 Vt. 165, 168, 212 A.2d 620, 622 (1965). When legal counsel acts as both client and attorney, the client's property interests may be jeopardized. *Id.* A guardian ad litem is primarily obligated to protect the ward's property interests, see *In re Estate of Elliott*, 149 Vt. 248, 252, 542 A.2d 282, 285 (1988); *Richardson v. Passumpsic Savings Bank*, 111 Vt. 181, 183, 13 A.2d 184, 185 (1940), and is best suited to determine what course to follow on behalf of the ward.

The probate court never addressed Legal Aid's motion for appointment of a guardian ad litem or Legal Aid's claim at the 1987 hearing that E.B. did not need a guardian. Consequently, we are in no position to ascertain whether E.B. is incompetent and in need of a guardian ad litem. On remand, the probate court must determine whether E.B. is still incompetent; if E.B.'s competency is subject to serious doubt, appointment of a guardian ad litem is necessary.

■■ Legal Aid contends that the State has no standing to make a motion to dismiss based on a nonconstitutional procedural issue. We disagree. The State of Vermont was allowed to intervene in this proceeding because the appeal drew into question the constitutionality of Vermont's involuntary guardianship law, 14 V.S.A. §§ 3060–3081. See V.R.A.P. 44. Although

V.R.A.P. 44 restricts the State's participation to questions of constitutionality, the case law interpreting an analogous federal statute, 28 U.S.C. § 401, now revised as 28 U.S.C. § 2403, supports the proposition that the government may address procedural and jurisdictional issues which attack the basis of a suit without addressing constitutional issues. See *United States v. Johnson*, 319 U.S. 302, 303–05 (1943) (public interest requires that government intervening in support of constitutionality of statute be permitted to move to reopen case on ground that it was collusive and did not involve real case or controversy); *Smolowe v. Delendo Corp.*, 36 F. Supp. 790, 792 (S.D.N.Y. 1940) (government allowed to intervene and assert nonconstitutional grounds for decision despite fact that question of constitutionality might never be passed on). We agree that the public interest dictates such a result. In any event, this Court on its own motion may remand the case to the probate court for a determination of whether the appointment of a guardian ad litem is necessary when the possibility of a fundamental defect of this nature is brought to the Court's attention. See V.R.A.P. 2; *In re Colombe*, 131 Vt. 21, 298 A.2d 820 (1972).

*The motion to dismiss is granted. The order of the probate court is vacated and the cause remanded for further proceedings not inconsistent with the views expressed herein.*